**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Walsh, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Franklin Collection Service, Inc., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Paul Walsh ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Chandler.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Franklin Collection Service, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

15. Defendant caused Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

16. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including Defendants male collector calling Plaintiff on April 8, 2010 and becoming belligerent when Plaintiff could not understand him and shouting and slamming down the phone  (§ 1692d));

17. Defendant failed to disclose the callers individual identity in a telephone call to Plaintiff, including Defendants female collector refusing to provide her name on an inbound call from Plaintiff before she refused to answer his questions and hung up on him  (§ 1692d(6));

18. Defendant falsely represented the character, amount, or legal status of Plaintiffs debt, including continuing to contact Plaintiff on an alleged debt that he does not owe, as he has no debt, no credit, and is merely an exchange student who has only been in the United States for a short while (§ 1692e(2)(A));

19. Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant failing to provide Plaintiff any writing whatsoever tending to advise Plaintiff of its legal right to dispute the alleged debt, or any portion thereof, within the statutory period and to demand validation of same (§ 1692g(a)).

20. Defendant's actions as detailed above constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, for which Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

22. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of May, 2010.

    By: s/ Marshall Meyers
    Marshall Meyers (020584)
    WEISBERG & MEYERS, LLC
    5025 North Central Ave., #602
    Phoenix, AZ 85012
    602 445 9819
    866 565 1327 facsimile
    mmeyers@AttorneysForConsumers.com
    Attorney for Plaintiff